UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE DAVIS                                               CIVIL ACTION

VERSUS                                                     NO. 10-292

WARREN REILY, CHIEF N.O.P.D.,                              SECTION "F" (3)
ET AL.

# **ORDER AND REASONS**

Plaintiff, Willie Davis, an inmate currently incarcerated in the Orleans Parish Prison, in New Orleans, Louisiana, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint filed against New Orleans Police Chief Warren Riley, Officer C. Lasley, and Officer D. Hunter. Plaintiff alleges that he is illegally confined based on an improper, warrantless search and seizure. Plaintiff seeks monetary compensation and injunctive relief. (Rec. Doc. No. 1, Complaint, p. 5).

This Court previously denied plaintiff permission to proceed in forma pauperis because he failed to provide the certification required by 28 U.S.C. § 1915(a)(2). Plaintiff has now filed that certification, which the Court construes as a motion for

reconsideration of pauper status. (Rec. Doc. No. 3). This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1E(b)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff, while incarcerated, has filed several civil rights complaints in the federal courts, at least three of which were dismissed as frivolous, malicious, and/or for failure to state a claim. He has therefore accumulated three "strikes" under the PLRA. See Willie Davis v. Charles Foti, Jr., et al., 00-937 "C"(4); Willie Davis v. Charles C. Foti, Jr., et al., 94-2771 "L"(D)(1); Willie Davis v. Charles C. Foti, Sheriff of Orleans Parish Prison, 93-2521 "N"(5). Accordingly, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).

Imminent danger of serious physical injury is not implicated by these claims. Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that Willie Davis's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this  5th   day of March, 2010.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE